**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BRIAN LEROY GEORGE,**              ) | |
|         **ID #1505430,**                         ) | |
|                  **Petitioner,**                    ) | |
| **vs.**                                                        ) | **No. 3:12-CV-4283-M (BH)** |
|                                                                   ) | |
| **RICK THALER, Director,**                 ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal**        ) | |
| **Justice, Correctional Institutions Division,** ) | |
|                  **Respondent.**                  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be dismissed as barred by the statute of limitations.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On May 23, 2008, after having pled not guilty, petitioner was convicted of possession with intent to deliver cocaine and possession of methamphetamine in Cause No. F41845 in Johnson County, and he was sentenced to fifty years and twenty years, respectively. (Petition (Pet.) at 2). Petitioner appealed his convictions and sentence. The Tenth District Court of Appeals affirmed the convictions in an unpublished opinion on March 31, 2010. *George v. State*, No. 10-08-00191-CR, 2010 WL 1269676 (Tex. App. – Waco, March 31, 2010, pet. ref'd). Petitioner filed a petition for discretionary review that was refused by the Court of Criminal Appeals on October 6, 2010. (PD-0498-10). He did not file a petition for certiorari with the Supreme Court.

On December 8, 2011, petitioner filed his state application for writ of habeas corpus with the trial court. (Pet. at 3). On May 2, 2012, the Court of Criminal Appeals denied and dismissed the application with a written order. *See Ex parte George*, WR-77,307-01 (Tex. Crim. App. May 2, 2012). On May 10, 2012, he mailed a motion seeking reconsideration of this order. The motion was received by the Court of Criminal Appeals on May 23, 2012, and it determined that it would take no action on this motion on May 30, 2012. (State Habeas Transcript [Event Date 05/23/12] at cover, 1). Petitioner mailed his federal petition on October 14, 2012. (Pet. at 9).

## II. STATUTE OF LIMITATIONS

**A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.3. Petitioner's PDR was refused on October 6, 2010, so his state conviction became final ninety days later, on January 4, 2011.

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), petitioner claims that his trial counsel was ineffective in numerous respects. (Pet. at 7). Accordingly, the facts supporting his claim became known or could have become known prior to the date his state judgment of conviction became final. Because petitioner filed his petition more than one year after his conviction became final on January 4, 2011, a literal application of § 2244(d)(1) renders his October 14, 2012, filing[1] untimely.

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period was therefore tolled while petitioner's state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). When petitioner filed his state petition on December 8, 2011, 338 days had elapsed since his conviction became final on January 4, 2011. The Texas Court of Criminal Appeals declined to reconsider its denial and dismissal of his state writ on May 30, 2012. Therefore, the statute of limitations was tolled until that date. *See Hooks v. Quarterman*, 224 Fed. Appx. 352, 353-54 (5th Cir. March 30, 2007) (holding that a properly filed motion for reconsideration tolls the statutory time period even where it is not considered by the court). The AEDPA clock began to run again on May 31, 2012, and petitioner's one-year time period for filing a federal petition expired 27 days later, on June 26, 2012, which was over three months before petitioner filed his federal petition on October 14, 2012. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v.*

4

*Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has recently stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

    Here, petitioner waited eleven months after his convictions were final before filing a state writ application. He has presented no argument or evidence that he was prevented from filing this state writ, or his federal petition, earlier. Petitioner claims that he has filed motions for production and inspection of the grand jury proceedings and to dismiss the indictment in the trial court. (Pet. at 9). These motions, however, are not properly filed state writ applications that would toll the statutory limitations period, and they do not demonstrate a rare and exceptional circumstance that would warrant equitable tolling. Petitioner also claims that the motion for reconsideration of his state writ remains pending. (Pet. at 9). The record reflects that on July 13, 2012, petitioner sent a letter to the Court of Criminal Appeals acknowledging that he had received the notice that that court

had taken no action on his motion for reconsideration and asking for clarification because he needed to file his federal habeas petition. (State Habeas Transcript[Event Date 07/23/12]:1).  On July 23, 2012, the Court of Criminal Appeals sent a letter to petitioner clarifying that because that court had taken no action on his motion, there was nothing pending in his case. (*Id.* at 2).

Despite receiving the initial notice from the Court of Criminal Appeals informing him that that court would not act on the motion for reconsideration, and despite being sent a second letter from that court advising him that he had no state writ pending on July 23, 2012, petitioner waited over two months before filing his federal habeas petition.  Given that he waited eleven months before filing his state writ and then waited several months after his state writ was denied before filing his federal petition, he has not shown that he has acted diligently in pursuing his rights.  He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 14th day of November, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE