IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN LEROY GEORGE, | ) | |
|     ID #1505430, | ) | |
|         Petitioner, | ) | |
| vs. | ) | No. 3:12-CV-4283-M (BH) |
| | ) | |
| RICK THALER, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|         Respondent. | ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing the objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and conducting a *de novo* review of those parts of the Findings and Conclusions to which objections have been made, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

In his objections, petitioner first asserts that the statute of limitations should be tolled under 28 U.S.C. § 2244(d)(1)(B) from the time that his state writ was denied until he filed his federal petition. He claims that the State impeded his ability to file his federal petition during this period because he never received notification from the Court of Criminal Appeals that his state habeas petition had been denied, despite his attempts to discover this information. (Obj. at 2). The record reflects that on July 13, 2012, petitioner sent a letter to the Court of Criminal Appeals acknowledging that he had received the notice that it had taken no action on his motion to reconsider the denial of his state habeas application and asking for clarification so he could file his federal habeas petition. (State Habeas Transcript [Event Date 07/23/12]:1). On July 23, 2012, the Court of

Criminal Appeals sent him a letter clarifying that because that court had taken no action on his motion, there was nothing pending in his case. (*Id.* at 2). Even if petitioner did not receive the July 23rd letter, the State did not impede his ability to file his federal petition because he knew on July 13 that his state application had been denied and that the Court of Criminal Appeals had taken "no action" on his motion for reconsideration. *Compare. Critchley v. Thaler*, 586 F.3d 318, 321 (5th Cir. 2009) (holding that the failure of the county clerk's office to timely file Critchley's and other prisoners' state habeas applications qualifies as a state-created impediment under § 2244(d)(1)(B)).

Petitioner next asserts that the statute of limitations should be equitably tolled for a total of fifty-four days during 2011 because his prison unit was under lock down from February 8, 2011, to March 2, 2011, and from July 14, 2011, to July 31, 2011, and he did not have access to inmate assistance during those time periods. (Obj. at 2). The Supreme Court has stated that a habeas petitioner is entitled to equitable tolling *only* if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Petitioner's state conviction became final on January 4, 2011, and petitioner did not file his state habeas application until December 8, 2011, over eleven months later. Even accepting petitioner's assertion that his unit was in lock down for fifty-four days during that eleven months, he has not shown that he diligently pursued his rights during that time period, and he has not shown that some extraordinary circumstance prevented him from filing his state application earlier. He therefore is not entitled to equitable tolling.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the Court hereby **DENIES** with prejudice plaintiff's petition for habeas corpus as barred by the statute of limitations.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** petitioner a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event that petitioner files a notice of appeal, he is informed that he must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SIGNED this 13th day of December, 2012.**

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.